UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY W. STOCKING, | : | |
| Plaintiff, | : | CASE NO. 3:14-cv-1772 (MPS) |
| | : | |
| v. | : | |
| | : | |
| GINO PULVIRENTI, et al., | : | |
| Defendants. | : | JUNE  29, 2015 |
| | : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #11]**

The plaintiff, Gary W. Stocking, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action by complaint filed in state court. The defendants, Middletown Police Officers Gino Pulvirenti, William Mudano and Vincent Massotta, removed the case to federal court.  The defendants now have filed a motion to dismiss the case.  The plaintiff has not opposed the motion.  For the reasons that follow, the defendants' motion is granted.

I.  Standard of Review

When considering a motion to dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003).  The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. *See York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Even under this standard, however, the court liberally construes a *pro se* complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).

II.   Facts

On April 24, 2008, the defendants responded to a father-son domestic call at the plaintiff's residence. When the police arrived, the plaintiff's mother and step-father went outside to speak with them. The plaintiff remained in the residence. Shortly thereafter, a police officer telephoned the plaintiff and asked if anyone else was in the residence. The plaintiff said there was no one else present. The officer also asked the plaintiff if he had any firearms. The plaintiff said that he owned guns and had a hunting license and certification by the Department of Environmental Protection. The officer told the plaintiff that he needed to come out of the house and leave his guns behind. The plaintiff was reluctant to comply because he feared being hurt by the police officers. After receiving assurances that he would not be harmed, the plaintiff locked

2

his bedroom door and left the house, locking the back door.  The plaintiff was arrested outside the residence.  The defendants then used the plaintiff's keys to enter the home to conduct a protective sweep of the residence.  Neither the plaintiff nor his parents consented to this search.

III.     Discussion

The defendants move to dismiss the complaint on the grounds that the claims are barred by the prior pending action doctrine, the claims are untimely, the claim lacks merit, and the claims are barred by the doctrine of res judicata.

A.       Prior Pending Action

The prior pending action doctrine permits a district court to dismiss a suit that is duplicative of another federal suit as part of its general power to administer its docket.  *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).  A party has no right to maintain two lawsuits against the same parties in the same court at the same time.  *Id*. at 135.

The complaint in this case repeats the claims included in *Stocking v. Middletown Police Dept.*, No. 3:11-cv-587(MPS).  That case, although closed in April 2015, was pending in November 2014, when this case was removed from state court.  Thus, the defendants argue that the prior pending action doctrine authorizes the dismissal of this case.

Although the two cases were pending at the same time, the defendants did not raise this issue until after the first case had been dismissed.  Thus, there are not now two pending actions in this court.  The defendants provide no authority invoking the prior pending action doctrine after the first case has been dismissed.  Indeed, the defendants cite cases directing the court to give priority to the first filed case and to consider all claims in that case.  *See* Defs.' Mem., Doc. #11-1, at 4 (quoting *Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*,

3

804 F.2d 16, 19 (2d Cir. 1986)).  The Court concludes that the case is better resolved under the doctrine of res judicata.

      B.      Res Judicata

The doctrine of res judicata bars a party from litigating a claim more than once.  Under the doctrine, a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in that action.  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

In the amended complaint in *Stocking v. Middletown Police Dept.*, No. 3:11-cv-587(MPS), the plaintiff names the same three police officers as defendants and challenges the same protective sweep of his residence.  The Court granted summary judgment in favor of the defendants in the prior action on the ground that all claims were barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* 3:11cv587(MPS) (Ruling on Defendants' Motion for Summary Judgment [Doc. #58] and Plaintiff's Cross-Motion for Summary Judgment [Doc. #62], Doc. #68, at 5-7).  Judgment entered on April 28, 2015, and the plaintiff did not appeal.

A dismissal under *Heck* has been held to be a final judgment on the merits.  *See Morrison v. Myers*, No. 7:14-CV-85, 2015 WL 72129, at * (E.D.N.C. Jan. 6, 2015) (holding that a dismissal under *Heck* is a judgment on the merits); *see also* Fed. R. Civ. P. 41(b) (any dismissal, except for lack of jurisdiction, improper venue or failure to join a party under Rule 19, "operates as an adjudication on the merits").  As a final judgment on the merits has been entered on the claims asserted in this case, the action is barred by res judicata.  The defendants' motion is granted on this ground.

### C. Merits of the Claim

Finally, even if the claims were not barred under the doctrine of res judicata, the case should be dismissed.

The Supreme Court has held that, if a determination favorable to the plaintiff in a section 1983 action "would necessarily imply the invalidity of his conviction or sentence," the plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover damages under section 1983. *Heck*, 512 U.S. at 486-87. The Court determined in the prior case that the evidence obtained from the protective sweep was the sole evidence supporting his conviction. Therefore, a determination in the plaintiff's favor would call into question the validity of his conviction. The Court granted the defendants motion for summary judgment in the prior case because the plaintiff presented no evidence to show that his conviction has been set aside or declared invalid. *See* 3:11cv587(MPS) (Doc. #68, at 6-7).

In this complaint, the plaintiff presents no evidence to alter those determinations. Thus, the case also is also dismissed for the reasons stated in the prior ruling.

## IV. Conclusion

The defendants' motion to dismiss [**Doc. # 11**] is **GRANTED**. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 29th day of June 2015 at Hartford, Connecticut.

                        /s/
               Michael P. Shea
               United States District Judge